### Barnett Fuller, Appellee, v. Illinois Central Railroad Company, Appellant.

1. DAMAGES—*what incompetent in action for personal injuries.* Evidence as to the profits of the plaintiff in his business is incompetent in an action for damages for personal injuries.

2. DAMAGES—*effect of admission of erroneous evidence.* If it appears that erroneous evidence offered and received but afterwards excluded has affected the size of the verdict so as to make it excessive, a *remittitur* will be ordered.

Action in case for personal injuries. Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1909. Affirmed on *remittitur.* Opinion filed October 18, 1910. *Remittitur* filed October 29, 1910.

JOHN G. DRENNAN and LEMON & LEMON, for appellant.

JOHN FULLER and HERRICK & HERRICK, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellee recovered judgment for $6,750 against the appellant railroad company, as damages for personal injuries received by him while a passenger, through a collision of two freight trains of the appellant company, in its yards at Gillman, Illinois, on July 30, 1908. The question of liability is conceded by appel-

lant, but it is contended that the verdict and judgment are excessive.

The evidence discloses that appellee was a man 46 years of age; that he had been engagd in farming, but had retired some 5 years prior to his injuries; that since, he had been engaged in the business of purchasing and shipping hogs and cattle. That as the result of the accident, both bones of his left leg were fractured a few inches above the ankle; that his collar bone was dislocated; that he received a scalp wound an inch and a quarter in length, and was scratched and bruised on various parts of his body; that he underwent great pain and suffering, and was confined to his bed and home four or five weeks. The evidence further shows that he had expended some $400 for the services of physicians and nurses. Over the objection of appellant, the court permitted him to testify that his earnings in his business had been prior to his injury, "anywhere from $1,500 to $3,000 per year," and since his injury but about $400 or $500 per year. The court afterward, on motion of counsel for appellee, ordered that the testimony with reference to the earning capacity of the plaintiff before and since his injuries be stricken from the record, and instructed the jury, at the request of appellant, that they should not allow any damages for supposed profits lost by appellee since the time of the alleged injury.

Notwithstanding there was some slight evidence offered by appellee which tended to show that his chest was depressed and that as the result of the fracture of the bone of his left leg it was thereby made about a quarter of an inch shorter in length, that the arch of his foot had become flattened, and that all of such injuries were permanent in nature, and liable to increase with advancing years, we are impelled to the conclusion, after a careful consideration of all the evidence, that the greater weight thereof clearly shows that the damages awarded are excessive, which was

doubtless due to the fact that the evidence relative to his earning capacity, which was admitted and afterward excluded, was considered by the jury in fixing the amount of its verdict. If appellee shall within twenty days hereafter, remit from the judgment the sum of $2,750, it will be affirmed in the sum of $4,000; otherwise the same will be reversed and the cause remanded.

*Affirmed on remittitur.*